UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Key West Division
Case Number: 16-10044-CIV-MARTINEZ-GOODMAN

MAXUM INDEMNITY COMPANY, a foreign
corporation,
    Plaintiff,

vs.

3RD GENERATION PLUMBING, INC., et al.,
    Defendants.
_____/

## ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS

THIS MATTER was referred to the Honorable Jonathan Goodman, United States Magistrate Judge, to take all necessary and proper action as required by law with respect to Plaintiff's Motion for Supplemental Relief for Reimbursement of Defense Fees and Costs [ECF No. 83]. Defendants 3rd Generation Plumbing, Inc. and James Massaro previously filed a response in opposition to Plaintiff's motion [ECF No. 80] and Plaintiff, Maxum Indemnity Company, filed a reply [ECF Nos. 81]. Magistrate Judge Goodman subsequently filed a Report and Recommendation [ECF No. 85], recommending that Plaintiff's Motion for Supplemental Relief for Reimbursement of Defense Fees and Costs [ECF No. 78] be DENIED without prejudice. The Court has reviewed the entire file and record, has made a *de novo* review of the issues that Defendants' objection to the Report and Recommendation present [ECF No. 86], and is otherwise fully advised in the premises. Defendants solely object to the recommendation that Plaintiff's motion be dismissed without prejudice, as opposed to with prejudice. Plaintiff filed a response to Defendants' objections, indicating it did not intend to respond to the objections, but rather intended to refile its motion in accordance with Magistrate Judge Goodman's Report and Recommendations [ECF No. 87].

- 2 -

In their objection, Defendants cite to *Koppelman v. Galt Ocean Manor Condo. Ass'n*, Case No. 16-62175, 2017 U.S. Dist. LEXIS 217586 (S.D. Fla. Dec. 21, 2017). In that case, the magistrate judge issued a report and recommendation recommending that defendants' motions for fees and costs, which included a motion for prevailing party attorney's fees, be denied with prejudice for failure to comply with Local Rule 7.3. *Id.* at *3. In adopting the report and recommendation and overruling defendants' objections, the district court noted that defendants' motions sought relief pursuant to "the very rule with which they plainly ignored" and provided "no justifiable reason for their noncompliance." *Id.* at *5. Lastly, when addressing contrary decisions reached by other district judges on the same issue, the district court observed that "[D]istrict courts enjoy broad discretion in deciding how best to manage the cases before them." *Id.* at *6 (citing *J.B. Hunt Transp., Inc. v. S & D Transp., Inc.*, 589 F. App'x 930 (11th Cir. 2014)).

In this case, the Court notes, as observed by Magistrate Judge Goodman, that Plaintiff "is not seeking the typical prevailing party attorney's fees and costs award that Rule 7.3 usually involves" [ECF No. 85, at 7]. In contrast, Plaintiff seeks "supplemental relief under 28 U.S.C. § 2202 in a unique insurance-litigation context: after obtaining a declaration that it had no duty to defend a different litigation." *Id.* Accordingly, this Court finds that this case is distinguishable from *Koppelman*. Notably, unlike defendants' motions in *Koppelman*, a review of Plaintiff's Motion for Supplemental Relief for Reimbursement of Defense Fees and Costs reflects it is filed pursuant to 28 U.S.C. § 2202 and not the local rule at issue. *Cf. Koppelman*, 2017 U.S. Dist. LEXIS 217586, at *5. Moreover, the Court notes that, while still deficient under Local Rule 7.3, Plaintiff's motion at the very least includes a certificate of conferral under Local Rule 7.1(a)(3), indicating that counsel for Plaintiff conferred with opposing counsel who opposes the relief

- 3 -

sought in the motion [ECF No. 78, at 7 fn. 3]. Furthermore, in its reply, Plaintiff maintained that it was not seeking attorney's fees under Local Rule 7.3 [ECF No. 81]. While this Court agrees with Magistrate Judge Goodman's ultimate finding that Plaintiff's motion falls within the purview of Local Rule 7.3, this Court finds that the lack of case law provided on the applicability of this local rule to the instant motion merits a dismissal without prejudice.[1] Accordingly, this Court finds, in its discretion, that the violation in this case is not as flagrant as the one in *Koppelman* and finds that a dismissal without prejudice is appropriate under the facts of this case.[2] Accordingly, after careful consideration, it is hereby:

**ADJUDGED** that United States Magistrate Judge Jonathan Goodman's Report and Recommendations [ECF No. 85] are **AFFIRMED** and **ADOPTED**. Defendants' objection is **OVERRULED.** Accordingly, it is:

**ADJUDGED** that Plaintiff's Motion for Supplemental Relief for Reimbursement of Defense Fees and Costs [ECF No. 78] is **DENIED without prejudice** for the reasons stated in Magistrate Judge Goodman's well-reasoned report.

DONE AND ORDERED in Chambers at Miami, Florida, this 23 day of January, 2019.

JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

Copies provided to:
Magistrate Judge Goodman
All Counsel of Record

---

[1] In his Report and Recommendation, Magistrate Judge Goodman noted that neither side presented case law on whether Local Rule 7.3 applied to a reimbursement-type motion [ECF No. 85, at 7].

[2] Similarly, the Court finds that the facts of this case are distinguishable from the two other district court cases cited by Defendants. *See Irish v. Reynolds*, Case No. 13-Civ-10063, 2018 U.S. Dist. LEXIS 4563 (S.D. Fla. Jan. 9, 2018) (recommending that motion for attorney's fees be denied); *see also J.B. Hunt Transp., Inc. v. S & D Transp., Inc.*, Case No. 11-cv-62096 (S.D. Fla. Sept. 19, 2013) (adopting recommendation that motion for an award of attorney's fees and related nontaxable expenses be denied) [ECF No. 86-3]. It does not appear that any of these cases involved a motion for supplemental relief under 28 U.S.C. § 2202.