UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
KEY WEST DIVISION
Case Number: 16-10044-CIV-MARTINEZ-GOODMAN

MAXUM INDEMNITY COMPANY,
    Plaintiff,

vs.

3RD GENERATION PLUMBING, INC., et al.,
    Defendants.
_____/

## ORDER ON REMAND FROM THE ELEVENTH CIRCUIT COURT OF APPEALS

THIS CAUSE is before the Court upon the Mandate of the Eleventh Circuit Court of Appeals, [ECF No. 90]. On appeal from this Court's Order granting summary judgment, [ECF No. 72], the Eleventh Circuit reversed in part, vacated in part, and remanded the case for further proceedings consistent with its decision.

Specifically, the Eleventh Circuit found that Plaintiff, Maxum Indemnity Company, owed a duty to defend its insured, Defendant James Massaro. As such, the Court's determination that Plaintiff did not owe Massaro a duty to indemnify because it found Plaintiff did not have a duty to defend was vacated. Accordingly, the Court must determine whether Plaintiff owes Defendant Massaro a duty to indemnify, which may turn on whether Massaro breached the insurance contract by settling the case with the estate.

After a telephonic status conference, the Court ordered the parties to brief what discovery needs to be completed, if any, and whether certain deadlines should be re-opened. The Court has reviewed the briefing, [ECF Nos. 96–99], and is otherwise duly advised in the premises.

It should first be noted that the Court cannot entertain any further argument regarding Plaintiff's duty to defend Massaro. Plaintiff asserts that neither this Court nor the Eleventh Circuit "ruled on Maxum's claim that the Expected or Intended Injury Exclusion applies to bar coverage,"

or "whether the events that caused Mr. Sanchez's death would be considered an 'occurrence' within the meaning of the [] policy." ECF No. 96-1 at 3.[1] Plaintiff additionally contends that additional discovery is needed as to the underlying facts and it should not be precluded from raising the employer liability and workers' compensation exclusions as they relate to its duty to indemnify. According to Plaintiff, these issues "remain to be resolved." *Id*. To this, the Court gives pause.

"The mandate rule is a specific application of the law-of-the-case doctrine, which provides that subsequent courts—both the district court and the appellate court—are bound by any findings of fact or conclusions of law made in the prior appeal in the same case." *United States v. George*, 752 F. App'x 816, 818 (11th Cir. 2018). "The doctrine's central purposes include bringing an end to litigation, protecting against the agitation of settled issues, and assuring that lower courts obey appellate orders." *This That & the Other Gift & Tobacco, Inc. v. Cobb County*, 439 F.3d 1275, 1283 (11th Cir. 2006).

"[A] legal decision made at one stage of the litigation, unchallenged in a subsequent appeal when the opportunity existed, becomes the law of the case for future stages of the same litigation, and the party is deemed to have waived the right to challenge that decision at a later time." *United States v. Escobar-Urrego*, 110 F.3d 1556, 1560 (11th Cir. 1997); *see Yeh Ho v. Wells Fargo Bank, N.A.*, No. 15-81522-CIV, 2018 WL 10809563, at *2 (S.D. Fla. Nov. 7, 2018); *United States v. Pilati*, 627 F.3d 1360, 1364 (11th Cir. 2010); *United States v. Mesa*, 247 F.3d 1165, 1171 n.6 (11th Cir. 2001) (finding that by failing to appeal an issue when the opportunity is presented, defendant abandons the arguments and the district court, on remand, is not required to consider it); *but see Transamerica Leasing, Inc v. Inst. of London Underwriters*, 430 F.3d 1326, 1333 (11th Cir. 2005)

---

[1] The Eleventh Circuit found that Plaintiff abandoned the foregoing arguments on appeal. *See* ECF No. 90 at 23 n.11.

(finding law of the case doctrine did not preclude part from raising issue on remand that was not raised during the first appeal).

Indeed, even where the prior appellate decision did not explicitly discuss the issue, the law of the case doctrine operates to preclude reconsideration if the appellate decree necessarily or implicitly resolved them. *See Schiavo v. Schiavo*, 403 F.3d 1289, 1291 (11th Cir. 2005). On the other hand, "[t]he doctrine is not as rigid as res judicata…and does not bar consideration of matters that could have been, but were not, resolved in earlier proceedings." *Luckey v. Miller*, 929 F.2d 618, 621 (11th Cir. 1991). It "is not an inexorable command, for the district court may address issues which have not been disposed of on appeal." *Id.*; *see also Piambino v. Bailey*, 757 F.2d 1112, 1119 (11th Cir. 1985).

When acting under an appellate court's mandate, the doctrine dictates that a district court "cannot vary it, or examine it for any other purpose than execution; or give any other or further relief; or review it, even for apparent error, upon a matter decided on appeal; or intermeddle with it, further than to settle so much as has been remanded." *Litman v. Massachusetts Mut. Life Ins. Co.*, 825 F.2d 1506, 1511 (11th Cir. 1987). Where the doctrine applies, however, "an appellate decision on an issue must be followed in all subsequent trial court proceedings unless the presentation of new evidence or an intervening change in the controlling law dictates a different result, or the appellate decision is clearly erroneous and, if implemented, would work a manifest injustice." *United States v. Arias*, 400 F. App'x 546, 547 (11th Cir. 2010).

At issue is not whether one of the foregoing exceptions apply; rather, the Court must decide whether the Eleventh Circuit explicitly, necessarily, or implicitly decided the relevant issues *as they relate to Plaintiff's duty to indemnify*.

Under Florida law, it is well-settled that "an insurer's duty to defend an insured is separate and distinct from the question whether it has a duty to indemnify the latter against the imposition of damages." *EmbroidMe.com, Inc. v. Travelers Prop. Cas. Co. of Am.*, 845 F.3d 1099, 1107 (11th Cir. 2017). Indeed, the duty to defend is broader than the duty to indemnify. *See id.* This is so because an insurer's duty to defend "is determined solely by the allegations of the complaint" in the underlying action. *Id.* In contrast, an insurer's duty to indemnify "is determined by looking to the facts adduced at trial or during discovery in the underlying action." *Maxum Indem. Co. v. Massaro*, 817 F. App'x 851, 855 (11th Cir. 2020). "In short, an insurer may be required to defend its insured even though it might ultimately turn out that it is not actually responsible for indemnifying the insured for the damages awarded on the claim that originally triggered the duty to defend." *EmbroidMe.com*, 845 F.3d at 1107.

A thorough review of the Eleventh Circuit's mandate indicates that the employer liability and workers' compensation exclusions were analyzed solely in the context of Maxum's duty to defend. *See Maxum Indem. Co.*, 817 F. App'x at 856–61 (analyzing these exclusions based on "the allegations in the wrongful death complaint" rather than the underlying facts). Obviously, there will be overlap of the analysis where the Court is called upon to analyze the same insurance exclusion provisions. But the duty to indemnify issue was summarily decided—or rather, not decided—at both the summary judgment stage and by the Eleventh Circuit. *See Transamerica Leasing, Inc.*, 430 F.3d at 1333 (noting that where the Eleventh Circuit has found an implicit holding for law of the case purposes, the issue in question was considered in the prior appeal). Because the coverage exclusion standard changes under a duty-to-indemnify analysis, the Court does not believe Plaintiff should be precluded from arguing that the employer liability and workers' compensation exclusions negate any duty to indemnify. As such, the Court will permit

4

limited discovery and re-briefing of the issues solely as to the duty to indemnify. Of course, should Plaintiff make arguments that were plainly before the Eleventh Circuit on appeal, the mandate rule will apply in full force and the Court will not entertain them.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that

1. This case is **RE-OPENED** to address the Eleventh Circuit's mandate.

2. The parties' Joint Motion for Status Conference, [ECF No. 100], is **DENIED AS MOOT**.

3. Limited discovery shall be permitted solely as to Plaintiff's duty to indemnify, including issues regarding the validity of the consent judgment and discovery concerning the underlying facts. This discovery shall be completed **on or before September 6, 2021**.

4. Additionally, the following Scheduling Order shall be followed:

   | Date | Event |
   |---|---|
   | 9-6-2021 | All discovery, including expert discovery, shall be completed. |
   | 10-11-2021 | All *Daubert*, summary judgment, and other dispositive motions must be filed. |
   | 12-3-2021 | All Pretrial Motions and Memoranda of Law must be filed. |
   | 12-20-2021 | Joint Pretrial Stipulation and deposition designations must be filed. |
   | 1-10-2022 | Proposed jury instructions and/or proposed findings of fact and conclusions of law must be filed. |
   | 1-13-2022 | Proposed voir dire questions must be filed. |

DONE AND ORDERED in Chambers at Miami, Florida, this 8th day of June 2021.

JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

Copies provided to:
Magistrate Judge Goodman
All Counsel of Record